*Summons Issued*
*Parties Added*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
INTERNATIONAL FIDELITY INSURANCE COMPANY,

                            Plaintiff,

  - against -

AMERICAN INSTITUTE OF STEEL CONSTRUCTION;
BDO USA, LLP; FRAGOMEN, DEL REY, BERNSEN &
LOEWY, P.C.; GUARDIAN INDUSTRIES CORP.;
H. MUEHLSTEIN & CO., INC.; H.H. BROWN
FINANCIAL SYSTEMS; HARBOR FOOTWEAR
GROUP; HENRY SCHEIN, INC.; INGERSOLL RAND;
JAB USA, INC.; JOHNSON CONTROLS; MARINSTEIN
& MARINSTEIN, ESQS., PLLC; PACE MOTOR LINES, INC.;
PENTLAND USA, INC.; SAMMARCO STONE & SUPPLY;
SERVICE CENTER METALS; STEVEN SUPPLY CO., INC.;
TAMMINA SOLUTIONS, LLC; THULE, INC.; U.F. FACTORS
CO.; UNIMIN CORPORATION, UNITED REFRIGERATION;
VAN DEUSEN & ASSOCIATES; VERITEXT NATIONAL
DEPOSITION & LITIGATION SERVICES; WELLS FARGO
CAPITAL FINANCE, and JOHN DOES 1-10,

                            Defendants.
-------------------------------------------------------------------X

**AMENDED INTERPLEADER COMPLAINT**

Docket No.: 12-CIV-0232 (VLB)

      **INTERNATIONAL FIDELITY INSURANCE COMPANY,** as and for its Interpleader Complaint, alleges as follows:

### Parties

      1.    International Fidelity Insurance Company ("International"), the plaintiff-stakeholder, is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business in Newark, New Jersey.

      2.    Upon information and belief, American Institute of Steel Construction ("American Institute") is a non-profit corporation organized and existing pursuant to the laws of the State of

Illinois, with its principal place of business at One East Wacker Drive, Suite 700, Chicago, Illinois.

3. Upon information and belief, BDO USA, LLP ("BDO"), is a limited liability partnership organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 130 E. Randolph, Ste. 2800, One Prudential Plaza, Chicago, Illinois.

4. Upon information and belief, Fragomen, Del Rey, Bernsen & Loewy, P.C. ("Fragomen"), is a professional corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 7 Hanover Square, New York, New York.

5. Upon information and belief, Guardian Industries Corp. ("Guardian") is a corporation organized and existing pursuant to the laws of the State of Michigan, with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan.

6. Upon information and belief, H. Muehlstein & Co., Inc. ("H. Muehlstein"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut.

7. Upon information and belief, H.H. Brown Financial Systems ("H.H. Brown") is a corporation organized and existing pursuant to the laws of the State of Connecticut, with its principal place of business at 124 West Putnam Avenue, Greenwich, Connecticut.

8. Upon information and belief, Harbor Footwear Group ("Harbor") is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 55 Harbor Park Drive, Port Washington, New York.

9. Upon information and belief, Henry Schein, Inc. ("Henry"), is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 135 Duryea Road, Melville, New York.

10. Upon information and belief, Ingersoll Rand ("Ingersoll") is a corporation organized and existing pursuant to the laws of Ireland, with its principal place of business in the United States at 800-E Beaty Street, Davidson, North Carolina.

11. Upon information and belief, JAB USA, Inc. ("JAB"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 155 East 56th Street, 4th Floor, New York, New York.

12. Upon information and belief, Johnson Controls ("Johnson") is a corporation organized and existing pursuant to the laws of the State of Wisconsin, with its principal place of business at 507 E. Michigan Street M72, Milwaukee, Wisconsin.

13. Upon information and belief, Marinstein & Marinstein, Esqs., PLLC ("Marinstein"), is a professional limited liability company organized and existing pursuant to the laws of the State of New York, with its principal place of business at 22 First Street, Box 155, Troy, New York.

14. Upon information and belief, Pace Motor Lines, Inc. ("Pace"), is a corporation organized and existing pursuant to the laws of the State of Connecticut, with its principal place of business at 1425 Honeyspot Road Extension, Stratford, Connecticut.

15. Upon information and belief, Pentland USA, Inc. ("Pentland"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 3333 New Hyde Park Road, Suite 200, New Hyde Park, New York.

WOLFF & SAMSON PC • 140 Broadway, 46th Floor • New York, New York 10005 • (212) 973-0572

16. Upon information and belief, Sammarco Stone & Supply ("Sammarco") is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 173 Oak Street, New Rochelle, New York.

17. Upon information and belief, Service Center Metals ("Service Center") is a corporation organized and existing pursuant to the laws of the State of Virginia with a principal place of business at 5850 Quality Way, Prince George, Virginia.

18. Upon information and belief, Steven Supply Co., Inc. ("Steven"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 15 Clay Street, Brooklyn, New York.

19. Upon information and belief, Tammina Solutions, LLC ("Tammina"), is a limited liability company organized and existing pursuant to the laws of the State of Virginia, with its principal place of business at 203 Elden Street, Suite 404, Herndon, Virginia.

20. Upon information and belief, Thule, Inc. ("Thule"), is a corporation organized and existing pursuant to the laws of the State of Connecticut with its principal place of business at 42 Silvermine Road, Seymour, Connecticut.

21. Upon information and belief, U.F. Factors Co. ("U.F. Factors") is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 1400 Broadway, New York, New York.

22. Upon information and belief, Unimin Corporation ("Unimin") is a corporation organized and existing pursuant to the laws of Delaware, with its principal place of business at 258 Elm Street, New Canaan, Connecticut.

WOLFF & SAMSON PC • 140 Broadway, 46th Floor • New York, New York 10005 • (212) 973-0572

23. Upon information and belief, United Refrigeration ("United") is a corporation organized and existing pursuant to the laws of the State of Pennsylvania, with its principal place of business at 11401 Roosevelt Boulevard, Philadelphia, Pennsylvania.

24. Upon information and belief, Van Deusen & Associates ("Van Deusen") is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business at 5 Regent Street, Suite 524, Livingston, New Jersey.

25. Upon information and belief, Veritext National Deposition & Litigation Services ("Veritext") is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business at 25B Vreeland Road, Suite 301, Florham Park, New Jersey.

26. Upon information and belief, Wells Fargo Capital Finance ("Wells Fargo") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 420 Montgomery Street, San Francisco, California.

27. "John Does 1-10" represent other entities who may have rights under the surety bond that is the subject of this action, as described below, and who have not submitted a claim to International or as to whom International is otherwise unaware.

### Jurisdiction and Venue

28. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335, as this is a civil interpleader action involving a bond with a value in excess of $500, and (a) more than two adverse claimants are of diverse citizenship and (b) International is prepared to deposit with the Clerk of the Court such amount as the Court shall deem proper, there to abide judgment rendered by the Court, or to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper conditioned upon the compliance by International with the

future order or judgment of the Court with respect to the subject matter of this action, promptly upon appropriate order of the Court.

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1397, as various of the claimants reside in this District.

### Cause of Action

30. On or about August 1, 2010, International, as surety, executed a collection agency bond ("the Bond"), Bond No. ILIFSU0406565, on behalf of members of the Commercial Law League of America, Commercial Agency Section, as principals, as reflected on the schedule attached to the Bond. A copy of the Bond is attached hereto as Exhibit "A".

31. Upon information and belief, the members of the Commercial Agency Section of the Commercial Law League – the principals of the Bond – are collection agencies.

32. Coastal Recovery Corporation ("Coastal") is one of the collection agencies named as a principal of the Bond, per the attached schedule.

33. The obligees of the Bond are the customers of the named collection agencies/principals.

34. The Bond protects the obligees – the customers of the named collection agencies/principals – from loss resulting from the failure of any of the collection agencies/principals to turn over to its customer(s) money that the collection agency collected on behalf of the customer(s), up to a penal limit of $250,000.00 per collection agency/principal.

35. Upon information and belief, each of Defendants is a customer of Coastal and thus an obligee of the Bond.

36. Defendants each have submitted a claim against the Bond to International, alleging that Coastal has failed to account for and turn over funds that Coastal collected on their respective behalves.

37. The claims International has received are:

| Claimant | Amount |
|---|---|
| American Institute of Steel Construction | $1,125.00 |
| BDO USA, LLP | $33,961.85 |
| Fragomen, Del Rey, Bernsen & Loewy, P.C. | $114.00 |
| Guardian Industries Corp. | $17,428.69 |
| H. Muehlstein & Co., Inc. | $47,539.44 |
| H.H. Brown Financial Systems | $22,094.82 |
| Harbor Footwear Group | $1,285.34 |
| Henry Schein Inc. | $74,346.48 |
| Ingersoll Rand | $246,690.51 |
| JAB USA, Inc. | $73,286.27 |
| Johnson Controls | $191,861.61 |
| Marinstein & Marinstein, Esqs., PLLC | $1,722.25 |
| Pace Motor Lines, Inc. | $5,725.24 |
| Pentland USA, Inc. | $25,704.00 |
| Sammarco Stone & Supply | $12,625.00 |
| Service Center Metals | $6,000.00 |
| Steven Supply Co., Inc. | $19,262.57 |
| Tammina Solutions, LLC | $13,500.00 |
| Thule, Inc. | $3,421.00 |
| U.F. Factors Co. | $2,067.54 |
| Unimin Corporation | $28,313.83 |
| United Refrigeration | $1,230.00 |
| Van Deusen & Associates | $11,486.00 |
| Veritext National Deposition & Litigation Services | $10,912.00 |
| Wells Fargo Capital Finance | $33,582.18 |
| **Total:** | **$885,339.56** |

38. Under the Bond, International's liability to Defendants as a result of Coastal's failure to account for and turn over funds collected on their behalves cannot exceed $250,000.00.

39. The sum of Defendants' claims far exceeds the Bond's penal limit and thus the Bond will not be sufficient to ensure full payment to each of Defendants.

40. Defendants all have asserted competing claims to the proceeds of the Bond.

7

41.     International cannot determine which of Defendants are entitled to the proceeds of the Bond.

42.     International faces multiple liability under the Bond and the prospect of vexatious and duplicative litigation by virtue of Defendants' multiple competing claims.

43.     International also does not know whether there are additional obligees who might have a claim against the Bond but have yet to submit such claim to International.

44.     International seeks a distribution of the proceeds of the Bond in an equitable manner.

45.     International does not claim an interest in the proceeds of the Bond and is ready and willing to deposit the proceeds of the Bond with the Court's registry or as otherwise directed until such time as the Court determines the proper manner of distribution among Defendants.

46.     International files this Complaint in good faith and without collusion with any of Defendants.

**WHEREFORE**, International demands relief as follows:

(a)     that International be awarded the attorney's fees, costs, disbursements, and other expenses that it incurs in bringing and prosecuting this matter;

(b)     that International be permitted to deposit with the Clerk of the Court the proceeds of the Bond ($250,000.00) into the Court's registry or as otherwise directed until such time as the Court shall determine a final plan for distribution thereof or, in the alternative, to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper, conditioned upon the compliance by International with the future order or judgment of the Court with respect to the subject matter of this action or, in the alternative, that International be permitted;

(c) that each Defendant, and all unknown claimants and potential claimants, be enjoined, pursuant to 28 U.S.C. § 2361, from instituting or prosecuting any action against International in any court, federal or state, for recovery of any proceeds of the Bond;

(d) that this Court direct that International be released and discharged from any further liability under the Bond relative to any and all claims, past, present, and/or future, of any and all Defendants and of any and all unknown claimants and potential claimants, relative to Coastal;

(e) that International be dismissed from this action and that Defendants and any and all unknown claimants and potential claimants be required to litigate in this action their respective entitlement to the proceeds of the Bond; and

(f) that the Court award International such other and further relief as it deems just and proper.

Dated: February 7, 2012

        **WOLFF & SAMSON**
        Attorneys for Plaintiff
        *International Fidelity Insurance Company*

        By: ~  /s Adam P. Friedman  ~
             Adam P. Friedman (AF-5700)

        140 Broadway, 46th Floor
        New York, New York 10005
        (212) 973-0572